NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 9 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AVILIO BENJAMIN ORELLANA-
MEJIA; LESLIE JUDITH ORELLANA-
MEJIA,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-6224

Agency Nos.
A209-847-085
A209-847-086

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 4, 2026[**]
Portland, Oregon

Before: BEA, CHRISTEN, and DESAI, Circuit Judges.

Petitioners Avilio Orellana-Cruz and his daughter Leslie Orellana-Mejia are

natives and citizens of El Salvador. They appeal an order of the Board of

Immigration Appeals (BIA) upholding the decision of an immigration judge (IJ)

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Because the parties are familiar with the facts, procedural history, and arguments underlying this appeal, we do not detail them here. We have jurisdiction under 8 U.S.C. § 1252(a). We deny the petition.

We "review only the BIA's opinion, except to the extent that it expressly adopted portions of the IJ's decision." *Villegas Sanchez v. Garland*, 990 F.3d 1173, 1178 (9th Cir. 2021) (quoting *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020)). We review the BIA's denial of relief for substantial evidence, meaning we "must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019).

1. We conclude the BIA did not err in finding that Avilio, who is male, was not a member of the particular social group "women in El Salvador" and therefore could not establish a nexus to a protected ground. The agency's denial of asylum and withholding claims was supported by substantial evidence.

2. The BIA affirmed the IJ's decision to deny asylum to both applicants for failure to show past persecution or a well-founded fear of future persecution in El Salvador on account of a protected ground. Because the IJ found that Leslie is a member of the particular social group, we understand this finding to refer to persecution and nexus. The BIA separately affirmed the IJ's determination that

Leslie did not establish a nexus to a protected ground, citing the IJ's conclusions at pages 14–15. There, the IJ found that while Leslie was a member of the particular social group "women in El Salvador," "she has not been persecuted, and there's no indication here that she's been targeted for anything," and concluded "there's simply no persecution, no nexus to indicate that she would suffer any harm from anyone."

The BIA did not err in concluding that Leslie had not established any nexus between the protected social group and the drive-by shooting of her uncle, the shooting of the employee at the family's brick factory, or the body found near her grandmother's home.[1] But the record compels the contrary conclusion regarding nexus to the incidents of sexual harassment Leslie described. Those incidents were by their "very nature gender-based" and they occurred in the context of high levels of violence in El Salvador against women because they are women. However, the BIA correctly decided that the incidents Leslie described did not constitute

---

[1]    The BIA stated in the penultimate paragraph of its decision that the failure to show nexus was dispositive of Petitioners' asylum and withholding claims, but earlier in its decision it had already determined that: (1) Avilio's asylum and withholding claims failed because he was not a member of the protected group; and (2) both Petitioners had failed to show past or future persecution. In context, the BIA's statement that it did not reach Petitioners' "other claims" refers to the arguments in Petitioners' brief to the BIA that the IJ erred by failing to apply a lower standard for persecution in light of Leslie's age and that they could not avoid future persecution by relocating. We read the BIA order denying Leslie's asylum and withholding claims to rely on both its persecution and nexus findings.

persecution within the meaning of the INA. *See Duran-Rodriguez*, 918 F.3d at 1028 (persecution is an "extreme concept"); *Sharma v. Garland*, 9 F.4th 1052, 1061–63 (9th Cir. 2021) (holding that persecution requires showing "ongoing pattern of serious maltreatment" specific to petitioners, not solely "generalized violence" in a country). Therefore, the BIA's denial of Leslie's asylum and withholding claims was supported by substantial evidence.

3. Petitioners must exhaust their challenges to an IJ's conclusions before the BIA in order to preserve the issues for appeal. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004), *abrogated on other grounds by Shen v. Garland*, 109 F.4th 1144, 1157 (9th Cir. 2024) (explaining that this court may not reach merits of legal claim not presented on appeal to BIA). In their appeal to the BIA, Avilio and Leslie did not refer to the CAT standard, argue that it was met, or contest the IJ's finding that they had not established a likelihood of torture. The BIA did not err in concluding that Petitioners waived their opportunity to appeal the denial of CAT protection. Because Petitioners failed to exhaust their challenge to the denial of their CAT applications on the basis of government acquiescence in torture, we deny their petition.

We therefore **DENY** the petition for relief.